Disability Rights Maryland
Empowering People to Lead Systemic Change
The Protection and Advocacy System for the State of Maryland

1500 Union Ave., Suite 2000, Baltimore, MD 21211
Phone: 410-727-6352 | Fax: 410-727-6389
DisabilityRightsMD.org

November 12, 2025

Catherine M. Stavlas
Clerk of Court
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Re: *Disability Rights Maryland, Inc. v. Dr. Meena Seshamani, et al.*
No. 1:25-cv-00070-JRR
Notice of Supplemental Authority

Dear Ms. Stavlas:

Plaintiff Disability Rights Maryland requests that Judge Julie R. Rubin take notice of the attached Order from Judge Ronald Silkworth of the Circuit Court for Anne Arundel County, which was issued after Plaintiff filed its Complaint in the above-referenced action on January 9, 2025 and the parties' competing preliminary motions filed and briefed thereafter.

On October 9, 2025, Judge Silkworth issued an Order in *State of Maryland v. Wuilly Alejandro Sunun-Ajon*, No. C-02-CR-24-000010 (Anne Arundel Cty. Cir. Ct.) appointing Erek Barron as an independent monitor to oversee the Maryland Department of Health's ("MDH") ongoing efforts to comply with its statutory obligations to timely transfer individuals deemed incompetent to stand trial ("IST") and a potential danger to themselves or others to a health care facility within ten business days. *See* Exhibit A. This Order came after a more-than eleven-month period of noncompliance on the part of MDH, which had spent most of the last year in violation

of the Court's prior contempt and sanctions order (issued December 5, 2024) requiring them to self-report on those same efforts.[1]

Judge Silkworth's Order is directly relevant to the merits of the constitutional claims asserted in Counts I and II of Plaintiff's Complaint that remain uncontested by MDH. *See* ECF Nos. 1, 21. After holding hearings to assess MDH's compliance with placing IST-adjudicated defendants at Anne Arundel County Detention Center in MDH facilities, Judge Silkworth found that the "cycle of noncompliance has existed for years, if not decades now." Exhibit B, Directive, *State of Maryland v. Wuilly Alejandro Sunun-Ajon*, No. C-02-CR-24-000010 (Anne Arundel Cty. Cir. Ct. Aug. 8, 2025) at 1. Despite numerous opportunities to rectify its failure, MDH repeatedly ignored "monetary and nonmonetary sanctions, designed to civilly coerce compliance and end a decades-long constitutional crisis for incarcerated mentally ill defendants in need of treatment and restoration." Ex. A at 1. The court found that MDH's failure to comply with its statutory mandate leaves IST-adjudicated criminal defendants languishing in jails without adequate evaluations and treatment. Furthermore, Judge Silkworth observed that MDH's reports fail to "reflect an understanding of the existence of a constitutional crisis and the need for a 'Crisis Response' from MDH." *Id.* at 2. As a result, Judge Silkworth ordered the appointment of an independent monitor "to end the constitutional crisis." *Id.* at 4.

The constitutional crisis described by Judge Silkworth in the Order is the exact crisis that forms the basis for Plaintiff's Complaint. Accordingly, Plaintiff respectfully requests that the Court take judicial notice of the Order as it contemplates the motions presently pending in this matter.

---

[1] The Contempt Order in *Sunun-Ajon* was cited and relied upon by Plaintiff in its Complaint. *See* ECF No. 1, ¶¶ 29-30 at 10-12.

Copies of the October 9, 2025 Order and August 8, 2025 Directive are attached as Exhibits A and B, respectively.

Sincerely,

/s/ Luciene M. Parsley
Luciene M. Parsley
(signed by Chelsea Sullivan with permission from Luciene M. Parsley)
Federal Bar No. 27089
Disability Rights Maryland
1500 Union Avenue, Suite 2000
Baltimore, MD 21211
LucieneP@disabilityrightsmd.org
(410) 727-6352
Fax: (410) 727-6389

cc: All Counsel of Record (via CM/ECF)