# EXHIBIT A

| | | |
|---|---|---|
| **STATE OF MARYLAND** | * | IN THE |
| *Plaintiff* | * | CIRCUIT COURT FOR |
| v. | * | ANNE ARUNDEL COUNTY |
| **WUILLY ALEJANDRO SUNUN-AJON** | * | MARYLAND |
| | * | |
| *Defendant* | | Case No.: C-02-CR-24-000010 |
| | * | |

**********

# ORDER APPOINTING COURT MONITOR

This matter is before the Court following an opinion and order issued on December 5, 2024 finding MDH in contempt and in violation of statutory placement requirements, imposing monetary and nonmonetary sanctions, designed to civilly coerce compliance and end a decades long constitutional crisis for incarcerated mentally ill defendants in need of treatment and restoration in Anne Arundel County and statewide. MDH seeks to purge the contempt and statutory sanctions imposed.

The initial order required, among other things, bi-weekly reports on the progress of placement and the development and implementation of a viable plan to accomplish the goals set forth, specifically to fully comply with the timely placement of those defendants committed to MDH for restoration. Since that opinion and order, this Court has received the initial draft of a plan which was discussed at the hearing to review the status of compliance on April 17, 2025. Following the filing of this draft plan, four bi-weekly reports have since been received and reviewed by this Court.

This Court has conducted several hearings to review the progress being made and to give

MDH the opportunity to develop and implement the needed plan. The reports that MDH has submitted do not provide the necessary information to support the development of and implementation of the plan required. It is undisputed that reports have not been submitted timely. The reports that have been submitted are inadequate and do not reflect an understanding of the existence of a constitutional crisis and the need for a "Crisis Response" from MDH, not business as usual managing waitlists and the various court hearings.

On April 23, 2025, this Court issued a directive expressing concerns regarding the need to hear from MDH personnel who have knowledge of and can facilitate any necessary changes required in order to finalize and thereafter, effectively implement a Crisis Response Plan. Concerns were raised by this Court at the review hearing on Apil 17, 2025, regarding the potential loss of accreditation at Perkins[1] as well as the status of the approximately 184 individuals ready for discharge who continue to occupy much needed bed space as of the last hearing, due in large part to the failure to have a plan and appropriately manage the process. Serious concerns continue regarding prompt placement and the delay in evaluations as well as treatment once individuals are placed, some not having assigned therapists for months even after placement. Most importantly, the addition of new beds and maintaining the appropriate staffing and operation of existing beds must be addressed. These are just a few examples of matters covered by the original opinion and order that need to be addressed as part of any plan to resolve this crisis.

At the April hearing, this Court concluded that a response from a higher level of leadership was necessary. The new Secretary, Dr. Meena Seshamani, took office on April 2, 2025. The new Secretary was "invited" to attend and participate in the review hearing scheduled for July 24, 2025 at 9:00 a.m.

---

[1] Testimony was presented at this hearing that Perkins has maintained its' accreditation, although no specific details were provided to establish the deficiencies corrected.

Following a zoom conference call on Friday, August 1, 2025, this Court was asked to agree to a temporary halt of review hearings to allow efforts underway in collaboration with others. This Court suggested that there must be effective oversight, and one alternative would be the appointment of a monitor to assist the Court moving forward. The court advised the parties that Erek Barron, Esquire was under consideration to be appointed to serve as a monitor, and the parties were given the opportunity and agreed to meet with the proposed monitor to discuss the issues, including compensation. The parties advised the Court that a positive meeting did take place and that they were discussing the details of a consent order. On September 24, 2025 this Court conducted a conference call with counsel and was advised that MDH did not agree to move forward with the appointment of Erek Barron, Esquire as a monitor for several reasons.

In light of the critical need for monitoring the status of compliance and the progress in this case this Court set a hearing for October 8, 2025 at 9:00 a.m. to consider the appointment of a monitor in furtherance of the sanctions oversight and continued compliance. That hearing was conducted, testimony having been taken and argument of counsel heard and considered. At this hearing this Court placed on the record its findings and conclusions regarding the issue of the appointment of a monitor.

After careful consideration of the record, the argument of counsel and the circumstances requiring independent oversight, including the failure of MDH to comply with the sanctions set forth in the original opinion of this Court, and the subsequent directives, as stated on the record herein on October 8, 2025, this Court finds that appropriate oversight requires the appointment of a monitor in furtherance of the enforcement of sanctions.

For the reasons placed on the record in this case and as stated herein, is hereby,

**ORDERED** that:

1. **Appointment of Monitor**

Erek Barron, Esquire, whose business address is 555 12th Street, NW, Suite 110, Washington, DC 20004, is appointed to serve as an independent Monitor in this matter. The Monitor is an agent and officer of the Court and shall have the responsibilities, powers, and protections set forth in this Order.

2. **Qualifications**

The Court has determined that Erek Barron, Esquire is highly qualified to serve in this capacity based on his legal and legislative experience, including his familiarity with the issue being addressed. The Monitor has affirmed that there are no conflicts of interest that would preclude this appointment.

3. **Scope and Duties**

The Monitor's responsibilities are to assist the Court in documenting the efforts being made to establish and implement a plan to end the constitutional crisis, eliminate delays in assessments per court order, delays in placing defendants once ordered committed to MDH, delays in assessments and treatment once placed and delays in transitioning from placement beds ensuring compliance with the terms of the orders of this Court, as outlined in the opinion, directives and orders of this Court.

4. **Powers of the Monitor**

The Monitor is granted the authority to receive information and documentation from the parties, in order to report to the Court, the status of efforts to comply with the orders and directives of this Court. It is the responsibility of MDH to provide specific and detailed information regarding the efforts of MDH including the plan being created and ongoing efforts to implement any such plan, including the existence of any timeline for compliance. MDH shall cooperate with the Monitor in providing any and all documentation supporting efforts to comply and shall respond to any requests for clarification or additional support from the Monitor. Counsel for the State and the Defendant are free to provide the Monitor with any information they believe is relevant to the issue of compliance.

5. **Reporting Requirements**

The Monitor is required to submit his first report detailing findings, conclusions, and recommendations within thirty (30) days of the date of this order and as directed by this Court thereafter.

6. **Duration of Monitorship**

   The term of the Monitor shall continue for a period of sixty (60) days subject to extension or modification by this Court as the circumstances leading towards compliance dictate.

7. **Compensation**

   Compensation for the Monitor, including fees and expenses, will be paid by MDH as an additional sanction for the failure to comply with prior reporting requirements subject to approval by this Court of the reasonable costs and expenses incurred and sought by the Monitor.

8. **Termination or Modification**

   The Court can modify, extend, or terminate the appointment based on its own motion or a party's motion showing good cause.

9. **Discontinuation of reports by MDH**

   Monthly reports directly to this Court are suspended pending further order of this Court, following receipt of the First Report from the Monitor; and it is further,

   **ORDERED** that all matters related to this appointment and the monitoring of compliance shall remain subject to further order of this Court, including the scheduling of review hearings as may be necessary.

   10/09/2025 11:02:11 AM

   *Judge Ronald A. Silkworth*

   **Ronald A. Silkworth**, Senior Judge

   Entered: Clerk, Circuit Court for
   Anne Arundel County, MD
   October 9, 2025